UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYRTLE E. GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV01615 AGF |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS DISTRICT ) | |
| NO. 9 PENSION PLAN and ) | |
| VICTORIA GAINES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Myrtle E. Gaines' Motion for Summary Judgment (Doc. 22). Plaintiff filed this diversity action for interpleader against Defendants the International Brotherhood of Electrical Workers District No. 9 Pension Plan ("IBEW pension plan") and Victoria Gaines seeking judicial review of pension benefits arising out of a pension plan covering Mark E. Gaines ("Mr. Gaines"), her natural son, who died in St. Louis, Missouri on January 6, 2009. Defendant Victoria Gaines alleges that she had a putative marriage with Mr. Gaines in the State of California from 1999 forward, and that the pension plan was therefore community property and should be allocated to her.

Plaintiff now moves for summary judgment, arguing that Defendant Gaines did not have a putative marriage with Mr. Gaines from 1999 forward, nor was she married to Mr. Gaines for longer than 12 months at the time of his death. Plaintiff also argues that Mr.

Gaines' benefits were separate property and that per the terms of the pension plan, Plaintiff is the sole beneficiary to the benefits. For the reasons set forth below, the Court will grant Plaintiff's Motion for Summary Judgment.

**Undisputed Facts**

Plaintiff resides in St. Louis County, Missouri. Defendant Gaines resides in the State of California. Plaintiff is the natural mother of the late Mr. Gaines. On April 8, 1999, Mr. Gaines designated Plaintiff as the sole beneficiary under his IBEW pension plan. Mr. Gaines checked the box on his beneficiary designation form, which reads as follows:

> I am **Not Married** and designate the following person(s) to receive any death benefits from the plan/contract. I understand if I marry, the designation is void one year after my marriage (some plan/contracts specify a shorter period).

At the time of this election, Mr. Gaines was 42 years old.

Mr. Gaines knew he was dying of cancer in the summer of 2008 and wanted to provide for Defendant Gaines. Defendant Gaines and Mr. Gaines were married by Reverend Marie Stapleton, in the presence of two witnesses, in Las Vegas, Nevada on July 13, 2008. Mr. Gaines designated Defendant Gaines as the beneficiary on his employer's stock savings plan, valued in excess of $100,000. Mr. Gaines thereafter died on January 6, 2009 in St. Louis, Missouri.

**Summary Judgment Standard**

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Sokol & Assocs., Inc. v. Techsonic Indus., Inc., 495 F.3d 605, 610 (8th Cir. 2007).

**Analysis**

*Putative Spouse Doctrine*

Plaintiff first argues that Defendant Gaines and Mr. Gaines did not have a putative marriage from 1999 forward, as alleged by Defendant Gaines in her Answer. Plaintiff argues that Defendant Gaines' alleged marriage in 1999 was never contracted for, or entered into, and therefore does not meet the requirements of section 2251(a). Moreover, Plaintiff argues that Defendant Gaines was still legally married to her prior husband in 1999 and therefore could not have an objectively good faith belief that her alleged marriage to Mr. Gaines was valid at that time.

Under California law, the putative spouse doctrine is "an equitable doctrine first recognized by the judiciary, and later codified by the Legislature." In re Domestic Partnership of Ellis & Arriaga, 162 Cal. App. 4th 1000, 1005 (Cal. Ct. App. 2008). In 1943, the California Supreme Court stated that "[i]t is well settled that a woman who lives with a man as his wife in the belief that a valid marriage exists, is entitled upon termination of their relationship to share in the property acquired by them during its existence." Vallera v. Vallera, 21 Cal.2d 681, 683 (Cal. 1943). "The term 'putative

marriage' is applied to a matrimonial union which has been solemnized in due form and good faith on the part of one or of both of the parties but which by reason of some legal infirmity is either void or voidable." In re Foy's Estate, 109 Cal. App. 2d 329, 331-332 (Cal. Ct. App. 1952).

The doctrine, however, cannot be invoked unless the putative spouse had a good faith belief in the existence of a valid marriage. Id. at 684. "[I]n the majority of cases, the de facto wife attempted to meet the requisites of a valid marriage, and the marriage proved invalid only because of some essential fact of which she was unaware, such as the earlier undissolved marriage of one of the parties, a consanguineous relation between the parties, or the failure to meet the requirement of solemnization." Id. (internal citations omitted.)

The purpose of the doctrine is to protect the "innocent" party or parties of an invalid marriage from losing community property rights. See Schneider v. Schneider, 183 Cal. 335, 337, 340 (Cal. 1920). As the California Supreme Court explained in Schneider, "the common-law rule as to the consequences of a void marriage upon the mutual property rights of the parties to it is inapplicable where the community property régime prevails. This conclusion is dictated by simple justice, for where persons domiciled in such a jurisdiction, believing themselves to be lawfully married to each other, acquire property as the result of their joint efforts, they have impliedly adopted ... the rule of an equal division of their acquisitions, and the expectation of such a division should not be defeated in the case of innocent persons." Id. at 339-340.

In 1969, the California Legislature codified the putative spouse doctrine in former Civil Code section 4452 as part of the Family Law Act. Ellis & Arriaga, 162 Cal. App. 4th at 1005. Former Civil Code section 4452 "used language almost identical to that in Family Code section 2251, subdivision (a), which contains the current version of the putative spouse doctrine and provides in relevant part: 'If a determination is made that a marriage is void or voidable and the court finds that either party or both parties believed in good faith that the marriage was valid, the court shall: (1) Declare the party or parties to have the status of a putative spouse.'" Id.

After the codification of the doctrine, California courts have held that the term "good faith" in the putative spouse statute meant an objective good faith, and not merely a subjective good faith. In re Marriage of Xia Guo and Xiao Hua Sun, 186 Cal. App. 4th 1491, 1496 (Cal. Ct. App. 2010); In re Marriage of Ramirez, 165 Cal. App. 4th 751, 756 (Cal. Ct. App. 2008); Estate of DePasse, 97 Cal. App. 4th 92, 107-108 (Cal. Ct. App. 2002); Welch v. State of California, 83 Cal. App. 4th 1374, 1378 (Cal. Ct. App. 2000); In re Marriage of Vryonis, 202 Cal. App. 3d 712, 720 (Cal. Ct. App. 1988). A subjective good faith belief alone, even by a party that is found credible and sympathetic, is insufficient. In re Marriage of Ramirez, 165 Cal. App. 4th at 756 (citing Welch, 83 Cal. App. 4th at 1378). Instead, under an objective standard, a claim of putative spouse status must be based on facts that would cause a reasonable person to believe in good faith that she was married and that the marriage was valid under California law. Id. (citing DePasse, 97 Cal. App. 4th at 108).

Regardless of whether Defendant Gaines subjectively believed that she entered into a valid marriage in 1999, under an objective standard, she did not. It is undisputed that Defendant Gaines and Mr. Gaines did not take part in a marriage ceremony, or any other form of solemnization, until July 13, 2008. While Defendant Gaines argues that she and Mr. Gaines considered themselves to be legally married in the belief of common law marriage after both of their prior marriages had been dissolved, Defendant Gaines admits that common law marriage ceased to exist in California in 1898. See In re Marriage Cases, 43 Cal. 4th 757, 793 n. 13 (Cal. 2008) (citing Norman v. Thomson, 121 Cal. 620, 627-29 (Cal. 1898) (in which the California Supreme Court concluded that statutory change had operated to abolish common law marriage in California and to require, for a valid marriage, that solemnization be performed as authorized by the applicable California statutes)). The California Court of Appeals has held that a good faith belief that a common law marriage is valid is insufficient for putative spouse status, where the couple made no attempt to comply with the procedural requirements for a lawful California marriage. In re Marriage of Hoffman, 2007 WL 2399188, *10 (Cal. Ct. App. 2007) (citing Welch v. State of California, 83 Cal. App. 4th 1374, 1378-79 (2000).

Viewing the facts in the light most favorable to Defendant Gaines, the Court finds that there is no genuine issue of fact as to whether Defendant Gaines and Mr. Gaines made an attempt to comply with the procedural requirements for a lawful California marriage prior to July 13, 2008. Because they did not attempt to comply with those requirements, Defendant Gaines' belief that she was married and that the marriage was

valid under California law was not in good faith, and Defendant Gaines was not Mr. Gaines' putative spouse from 1999 up to July 13, 2008.

Accordingly, the Court finds that Defendant Gaines and Mr. Gaines were not married for one year prior to Mr. Gaines' death, and therefore the pension benefits pass to Plaintiff as the designated beneficiary.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Myrtle E. Gaines' Motion for Summary Judgment (Doc. 22) is **GRANTED**.

A separate judgment shall accompany this Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2011.